IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

STEVEN LAMONT WOMACK                                          PLAINTIFF

v.                              NO.  4:17-CV-130-BSM

CARELINK, CHARLES THOMPSON,
Vice President of Home Care & Human Resources,
SONYA CATO in Human Resources Manager for CARELINK,
LUTHER R. MATTINGLY, Registered agents of servants
for CARELINK                                                 DEFENDANTS

## DEFENDANTS' MOTION TO DISMISS

The Defendants, Central Arkansas Area Agency on Aging, Inc., d/b/a CareLink,

Charles Thompson, Sonya Cato, and Luther R. Mattingly, represented by their attorneys,

Baxter, Jewell & Dobson, P.A., for their Motion to Dismiss under Fed. R. Civ. P. 12(b)

state:

1.      On March 7, 2017, the Plaintiff Steven Lamont Womack ("Womack") filed a

Complaint ("Complaint") and initiated this lawsuit (the "Lawsuit"). The Defendants are

Central Arkansas Area Agency on Aging, Inc., d/b/a CareLink ("CareLink"), Charles

Thompson ("Thompson"), Sonya Cato ("Cato"), and perhaps Luther R. Mattingly

("Mattingly")[1]. [ECF Doc. No. 1].

2.      As stated in the Complaint, Thompson and Cato are individuals and alleged

agents, servants and/or employees of CareLink and decision-makers with respect to

actions taken concerning Womack.  *Complaint* ¶¶ 1, 8.

---

[1] If Womack is not suing Mattingly individually, the Defendants respectfully request Womack to verify that
Mattingly is not being sued individually.  Because the Complaint is ambiguous as to whether Mattingly is
being sued individually, the Defendants previously filed a Motion For More Definite Statement under Rule
12(e), Fed. R. Civ. P.  To the extent that this Court does not dismiss all claims against Mattingly individually,
in their entirety, the Defendants request the Court to require Womack to be specific about claims against
Mattingly.

3.      Womack alleges that he was injured on the job while he was employed by CareLink and has been denied a reasonable accommodation of light duty work, in violation of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Arkansas Civil Rights Act ("ACRA").  *Complaint* ¶¶ 8, 18, and 19.

4.      Womack also alleges claims under the First, Fourth, Fifth, Thirteenth, and Fourteenth Amendments to the U.S. Constitution, and 42 U.S.C. §§1981 and 1983. *Complaint* ¶¶ 4, 8, 9, 18, and 22.

5.      Womack also alleges claims for conspiracy and outrage under Arkansas law. *Complaint* ¶¶ 8 and 20.

6.      The Defendants now move to dismiss the Complaint under Fed. R. Civ. P. 12(b) (4), (5), and (6).

7.      The Complaint as to Separate Defendant CareLink should be dismissed because CareLink's authorized agent for service of process, Luther R. Mattingly, was not served personally as required by Fed. R. Civ. P. 4(h)(1).  *See* **Exhibit 1**, Affidavit of Luther R. Mattingly and **Exhibit 4**, Affidavit of Tina Wright.  *See* also **Exhibit 5, 6** and **7**, Affidavits of Service filed of record on March 10, 2017 by Universal Process Service.  Additionally, according to the process server's Affidavits, he did not leave a copy of the Complaint with the Summons.

8.      The Complaint as to individual Defendants Mattingly, Thompson, and Cato should be dismissed because Mattingly, Thompson, and Cato were not served personally as required by Fed. R. Civ. P. 4(e)(2)(a).  *See* **Exhibit 1; Exhibit 2**, Affidavit of Charles Thompson; **Exhibit 3**, Affidavit of Sonya Cato; and **Exhibit 4**.  Additionally, according to

the process server's Affidavit, he did not leave copies of the Complaint with the Summonses.

9.    Womack's claims under the ADA and Title VII against the individual Defendants, Mattingly, Thomas, and Cato, must be dismissed with prejudice because there is no cause of action under either the ADA or Title VII against an individual supervisor.

10.    Womack's claims under the ADA and Title VII against the individual Defendants, Mattingly, Thomas, and Cato, must be dismissed with prejudice for failure to exhaust administrative remedies because none of the individual Defendants are named in Womack's EEOC Charge.

11.    Womack's claims under Title VII and for retaliation under the ADA must be dismissed for failure to exhaust administrative remedies because the scope of a Title VII or ADA lawsuit cannot exceed the scope of an EEOC charge, and the only allegation in Womack's EEOC Charge is that he was not provided light duty work as a reasonable accommodation under the ADA.

12.    Womack's claim under the ADA that he was not provided a reasonable accommodation of light duty work must be dismissed because CareLink did not have an obligation under the ADA to provide light duty work.

13.    Womack's claim that his First Amendment rights under the U.S. Constitution have been violated must be dismissed with prejudice because no state action is involved.

14.    Womack's claim that his Fourth Amendment rights under the U.S. Constitution have been violated must be dismissed with prejudice because no state action is involved.

3

Case 4:17-cv-00130-BSM    Document 11    Filed 03/30/17    Page 4 of 6

15.    Womack's claim that his Fifth Amendment rights under the U.S. Constitution have been violated must be dismissed with prejudice because no state action is involved.

16.    Womack's claim that his Thirteenth Amendment rights under the U.S. Constitution have been violated must be dismissed with prejudice because the Thirteenth Amendment to the U.S. Constitution, by itself, does not create a cause of action.

17.    Womack's claim that his Fourteenth Amendment rights under the U.S. Constitution have been violated must be dismissed with prejudice because no state action is involved.

18.    Womack's claim that his rights under 42 U.S.C. §1983 have been violated must be dismissed with prejudice because no state action is involved.

19.    Womack's claim that his rights under the Rehabilitation Act of 1973 (the "Rehabilitation Act") must be dismissed with prejudice because Womack has not alleged that CareLink is a federal contractor as defined by the Rehabilitation Act.  Moreover, even if Womack alleged that CareLink was the recipient of Medicaid funds, his claims under the Rehabilitation Act would fail because the fact that a private corporation receives Medicaid funds does not convert it into a state actor.

20.    Womack's claim under the Rehabilitation Act that he was not provided a reasonable accommodation of light duty work must be dismissed because CareLink did not have an obligation under the Rehabilitation Act to create a light duty position for Womack.

21.    Womack's claims under the Rehabilitation Act against the individual Defendants, Mattingly, Thomas, and Cato, must be dismissed with prejudice because there is no cause of against an individual supervisor under the Rehabilitation Act.

22.    Womack's claim for conspiracy under Arkansas law must be dismissed with prejudice as to all Defendants because Womack failed to state a claim for conspiracy.

23.    Womack's claim for outrage under Arkansas law must be dismissed with prejudice as to all Defendants.

24.    Womack's claim under the ACRA must be dismissed with prejudice because there is no claim for reasonable accommodation under the ACRA. *See* **Exhibit 8.**

25.    Alternatively, Womack's claim under the ACRA as to the individual Defendants Mattingly, Thomas, and Cato, must be dismissed with prejudice because there is no cause of action under the ACRA against an individual supervisor.

WHEREFORE, the Defendants Central Arkansas Area Agency on Aging, Inc., d/b/a CareLink, Charles Thompson, Sonya Cato, and Luther R. Mattingly, pray that the Complaint be dismissed with prejudice as to them under Fed. R. Civ. P. 12(b)(4) and (5) for insufficient process or insufficient service of process, and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and for all other relief to which they may be entitled.

Respectfully Submitted,

Allen C. Dobson
Arkansas Bar No. 85040
**BAXTER, JEWELL & DOBSON, P.A.**
One Information Way, Suite 210
Little Rock, Arkansas 72202
Phone:  501-664-9555/Fax:  501-664-9559
E-mail:  adobson@bjd-law.com


/s/ Allen C. Dobson
Attorneys for Defendants

and

Shelley Fleisch-Djurica
Arkansas Bar No. 2001267
**BAXTER, JEWELL & DOBSON, P.A.**
One Information Way, Suite 210
Little Rock, Arkansas 72202
Phone: 501-664-9555/Fax: 501-664-9559
E-mail: sdjurica@bjd-law.com


/s/Shelley Fleisch-Djurica
Attorneys for Defendants


## CERTIFICATE OF SERVICE

I certify that on March 30, 2017, I filed a copy of the foregoing through the Court's electronic filing system, and served a copy on the Plaintiff, Steven Lamont Womack, via first class mail, at the address listed below:

Steven Lamont Womack
8905 Victoria Drive
Little Rock, AR  72209


/s/ Allen C. Dobson
Allen C. Dobson