IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

STEVEN LAMONT WOMACK                                              PLAINTIFF

v.                            NO.  4:17-CV-130-BSM

CARELINK, CHARLES THOMPSON,
Vice President of Home Care & Human Resources,
SONYA CATO in Human Resources Manager for CARELINK,
LUTHER R. MATTINGLY, Registered agents of servants
for CARELINK                                                     DEFENDANTS

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendants, Central Arkansas Area Agency on Aging, Inc., d/b/a CareLink ("CareLink"), Charles Thompson ("Thompson"), Sonya Cato ("Cato"), and Luther R. Mattingly ("Mattingly") (collectively, the "Defendants") represented by their attorneys, Baxter, Jewell & Dobson, P.A., submit this Brief in Support of their Motion to Dismiss the Plaintiff's Complaint with prejudice.

## I.     INTRODUCTION

On March 7, 2017, the Plaintiff, Steven Lamont Womack ("Womack") filed a Complaint and initiated this lawsuit (the "Lawsuit").  In his Complaint, Womack states Separate Defendants Thompson and Cato are individuals and alleged agents, servants and/or employees of CareLink and decision-makers with respect to actions taken concerning Womack. *Complaint ¶¶* 1, 8.

Womack alleges that he was injured on the job and has been denied a reasonable accommodation of light duty work, in violation of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act of 1973 ("Rehabilitation Act"), and the Arkansas Civil Rights Act ("ACRA"). *Complaint ¶¶* 8, 18, and 19.

1

Womack also alleges claims under the First, Fourth, Fifth, Thirteenth, and Fourteenth Amendments to the U.S. Constitution, and 42 U.S.C. §§ 1981 and 1983. *Complaint* ¶¶ 4, 8, 9, 18, and 22.

Womack also alleges claims for conspiracy and outrage under Arkansas law. *Complaint* ¶¶ 8 and 20.

The Defendants now move to dismiss the Complaint under Rules 12(b) (4), (5), and (6).

The Complaint as to CareLink should be dismissed because: 1) Carelink's authorized agent for service of process, Luther R. Mattingly, was not served personally as required by Fed. R. Civ. P. 4(h)(1); and 2) Johnny A. Hasan ("Hasan") the process server who left documents with CareLink's Receptionist, Tina Wright, stated in his Affidavit that he only left a copy of the Summons with Tina Wright (instead of a copy of the Complaint and Summons).

The Complaint as to Separate Defendants Mattingly, Thompson, and Cato should be dismissed because: 1) Mattingly, Thompson, and Cato were not served personally as required by Fed. R. Civ. P. 4(e)(2)(a); and 2) Hasan the process server who left documents with CareLink's Receptionist, Tina Wright, stated in his Affidavit that he only left a copy of the Summons with Tina Wright (instead of a copy of the Complaint and Summons).

Womack's claims under the ADA and Title VII against the individual Defendants, Mattingly, Thomas, and Cato, must be dismissed with prejudice because there is no cause of action under either the ADA or Title VII against an individual supervisor.

Alternatively, Womack's claims under the ADA and Title VII against the individual Defendants, Mattingly, Thomas, and Cato, must be dismissed with prejudice for failure to exhaust administrative remedies because none of the individual Defendants are named in Womack's EEOC Charge.

Womack's claims under Title VII and for retaliation under the ADA must be dismissed for failure to exhaust administrative remedies because the scope of a Title VII or ADA lawsuit cannot exceed the scope of an EEOC charge and the only allegation in Womack's EEOC Charge is that he was not provided light duty work as a reasonable accommodation under the ADA.

Womack's claim under the ADA that he was not provided a reasonable accommodation of light duty work must be dismissed because CareLink did not have an obligation under the ADA to provide light duty work and because Womack did not allege that a vacant light work duty position existed.

Womack's claim that his First Amendment rights under the U.S. Constitution have been violated must be dismissed with prejudice because no state action is involved.

Womack's claim that his Fourth Amendment rights under the U.S. Constitution have been violated must be dismissed with prejudice because no state action is involved.

Womack's claim that his Fifth Amendment rights under the U.S. Constitution have been violated must be dismissed with prejudice because no state action is involved.

Womack's claim that his Thirteenth Amendment rights under the U.S. Constitution have been violated must be dismissed with prejudice because the Thirteenth Amendment to the U.S. Constitution, by itself, does not create a cause of action.

Womack's claim that his Fourteenth Amendment rights under the U.S. Constitution have been violated must be dismissed with prejudice because no state action is involved.

Womack's claim that his rights under 42 U.S.C. §1983 have been violated must be dismissed with prejudice because no state action is involved.

Womack's claim that his rights under the Rehabilitation Act must be dismissed with prejudice because Womack has not alleged that CareLink is a federal contractor as defined by the Rehabilitation Act.  Moreover, even if Womack alleged that CareLink was a federal contractor by virtue of being the recipient of Medicaid funds, his claims under the Rehabilitation Act would fail because the fact that a private corporation receives Medicaid funds does not convert it into a state actor under the Rehabilitation Act.

Womack's claim under the Rehabilitation Act that he was not provided a reasonable accommodation of light duty work must be dismissed because CareLink did not have an obligation under the Rehabilitation Act to create a light duty work position for Womack.

Alternatively, Womack's claims under the Rehabilitation Act against the individual Defendants, Mattingly, Thomas, and Cato, must be dismissed with prejudice because there is no cause of action under the Rehabilitation Act against individual supervisors.

Womack's claim for conspiracy under Arkansas law must be dismissed with prejudice as to all Defendants because Womack failed to state a claim for conspiracy.

Womack's claim for outrage under Arkansas law must be dismissed with prejudice as to all Defendants because Womack failed to state a claim for outrage.

Womack's claim under the ACRA as to the individual Defendants Mattingly, Thomas, and Cato, must be dismissed with prejudice because there is no cause of action under the ACRA against an individual supervisor.

Finally, Womack's claim under the ACRA must be dismissed with prejudice as to all Defendants because there is no duty to provide a reasonable accommodation under the ACRA.

## II.    APPLICABLE LAW

Rules 12(b)(4), (5), and (6) of the Federal Rules of Civil Procedure provide in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
>
> (4)    insufficient process;
> (5)    insufficient service or process; and
> (6)    failure to state a claim upon which relief can be granted…

A district court should grant a motion to dismiss "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In order to successfully plead a claim, a complaint must plead under the heightened standard set forth by the Supreme Court in *Bell Atlantic Corp v. Twombly,* 550 U.S. 544 (2009) and *Ashcroft v. Iqbal*, U.S. 129 S. Ct. 1937 (2009).  The heightened standard established by these cases is that to withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its fact." *Iqbal*, 129 S. Ct. at 1949.  Additionally, pleadings that contain

mere "labels and conclusions" or "a formulaic recitation of the element of the cause of action will not do." *Twombly*, 550 U.S. at 555. In discussing the plausibility standard established in *Twombly*, the Supreme Court clarified "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949.

### III.    ARGUMENT

**A.    The Complaint should be dismissed as to CareLink for insufficient process or insufficient service of process under Fed. Civ. P. 12(b)(4) & (5).**

    **1.    Mattingly, as registered agent for service of process for CareLink, has not been personally served with a summons and complaint as required by Rule 4(h)(1), Fed.R.Civ.P.**

Rule 4(h)(1), Fed. R. Civ. P., contains the procedure for serving a corporation. Womack has not personally served Mattingly, the registered agent for CareLink, as required by Rule 4(h)(1). *See* the Affidavit of Luther R. Mattingly, which is attached to the Motion and marked as **Exhibit 1**, ¶¶ 7-11. In fact, Hasan, the process server who apparently attempted to serve Mattingly, left documents with Tina Wright, a Receptionist for CareLink. *See* **Exhibit 4** to the Motion. Wright is not authorized to receive service of process for CareLink. *See* **Exhibit 1**, ¶ 6. Hasan explicitly stated in his Affidavit of Service filed with the Clerk, that he left documents with Wright, and not with Mattingly. *See* **Exhibit 5** to the Motion. However, leaving the documents with Wright failed to meet the requirements of Federal Rule of Civil Procedure 4(h)(1), and therefore the Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(4) or (5).

    **2.    Mattingly, as registered agent for service of process for CareLink, was not served with a summons and a copy of the Complaint as required by Federal Rule of Civil Procedure 4(c)(1).**

Rule 4(c)(1), Fed. R. Civ. P., contains the procedure for service of a complaint. "A summons must be served with a copy of the complaint." *Id*. However, Hasan's Affidavit does not reflect that a copy of the Complaint was left with Wright for Mattingly. Instead, the Affidavit recites that a "Summons" only was served. *See* **Exhibit 5** to the Motion. However, leaving a Summons only with Wright - for Mattingly - failed to meet the requirements of Rule 4(c)(1), and therefore the Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(4) or (5).

    **B.**    **The Complaint should be dismissed as to Mattingly, Thompson, and Cato, individually, for insufficient process or insufficient service of process under Federal Rule of Civil Procedure 12(b)(4) and (5).**

        **1.**    **The individual Defendants, Mattingly, Thompson, and Cato, have not been personally served with the Summons and Complaint as required by Rule 4(e)(2)(A), Fed. R. Civ. P.**

Rule 4(e)(2)(A), Fed. R. Civ. P., contains the procedure for serving an individual. Womack has not personally served Mattingly, Thompson, or Cato, as required by Federal Rule of Civil Procedure 4(e)(2)(A). *See* the Affidavits of Mattingly, Thompson, and Cato, which are attached to the Motion and marked as **Exhibits 1**, ¶¶ 7-11, **2** ¶¶ 4-6, and **3** ¶¶ 4-6, respectively. In fact, Hasan, the process server who apparently attempted to serve the individual Defendants, left documents with Tina Wright, a Receptionist for CareLink. *See* **Exhibit 4** to the Motion. Wright is not authorized to receive service of process for CareLink. *See* **Exhibit 1**, ¶ 6. Hasan explicitly stated in his Affidavits filed with the Clerk that he left documents with Wright, and not with Mattingly, Thompson, or Cato. *See* **Exhibits 5, 6,** and **7** to the Motion. However, leaving the documents with Wright for the individual Defendants failed to meet the requirements of Rule 4(e)(2)(A), and therefore the Complaint must be dismissed under Rule 12(b)(4) or (5).

### 2. Mattingly, as registered agent for service of process for CareLink, was not served with the Summons and Complaint as required by Rule 4(c)(1), Fed. R. Civ. P.

Rule 4(c)(1), Fed. R. Civ. P., contains the procedure for service of a complaint. "A summons must be served with a copy of the complaint." *Id.* However, Hasan's Affidavits do not reflect that a copy of the Complaint was left with Wright for the individual Defendants. Instead, the Affidavits recite that a "Summons" only was served. *See* **Exhibits 5, 6,** and **7** to the Motion. However, leaving a Summons only with Wright - for the individual Defendants - failed to meet the requirements of Rule 4(c)(1), and therefore the Complaint must be dismissed under Federal Rule of Civil Procedure Rule 12(b)(4) or (5).

### C. Womack's claims under the ADA and Title VII against the individual Defendants, Mattingly, Thomas, and Cato must be dismissed with prejudice because there is no cause of action under either the ADA or Title VII against an individual supervisor.

District courts in Arkansas and the Eighth Circuit Court of Appeals have repeatedly held that, "supervisors and other employees are not subject to individual liability under Title VII or the ADA." *Lister v. Area Agency on Aging, Inc.*, 2013 U.S. Dist. LEXIS 115476, *2, (W.D. Ark. 2013), *citing Smith v. St. Bernard Regional Medical Center*, 19 F.3d 1254, 1255 (8th Cir.1994); *Lenhardt v. Basic Inst. of Tech.*, 55 F.3d 377, 381 (8th Cir.1995); *Bales v. Wal-Mart Stores,* 143 F.3d 1103, 1111 (8th Cir.1998); *Morrow v. City of Jacksonville, Ark.,* 941 F. Supp. 816 (E.D. Ark. 1996).

Accordingly, Womack's claims under the ADA and Title VII against the individual Defendants, Mattingly, Thomas, and Cato, must be dismissed with prejudice under Rule 12(b)(6) because there is no cause of action under either the ADA or Title VII against an individual supervisor.

**D.    Womack's claims under the ADA and Title VII against the individual Defendants, Mattingly, Thomas, and Cato, must be dismissed with prejudice for failure to exhaust administrative remedies because none of the individuals are named in Womack's EEOC charge.**

"As a general rule, a complainant must file a charge against a party with the EEOC before she can sue that party under Title VII." *Sedlacek v. Hack*, 752 F.2d 333, 336 (8th Cir. 1984).  In this instance, Womack did not name any of the individual Defendants in his EEOC Charge.  *See* **Exhibit 2** to the Motion, ¶7, Attachment 1.

Accordingly, Womack's claims under the ADA against the individual Defendants, Mattingly, Thomas, and Cato, must be dismissed with prejudice under Federal Rule of Civil Procedure Rule 12(b)(6) because Womack did not name any of them in his EEOC Charge and therefore Womack failed to exhaust his administrative remedies under the ADA and Title VII.

**E.    Womack's claims under Title VII and for retaliation under the ADA must be dismissed for failure to exhaust administrative remedies because the scope of a Title VII or ADA lawsuit cannot exceed the scope of an EEOC charge, and the only allegation in Womack's EEOC Charge is that he was not provided light duty work as a reasonable accommodation under the ADA.**

In his January 23, 2017 EEOC Charge, Womack alleged only that he had been denied a reasonable accommodation in violation of the ADA.  *See* **Exhibit 2**, Attachment 1.  In his Complaint, however, Womack is alleging claims under Title VII and retaliation under the ADA.  Womack cannot do so because he failed to exhaust his administrative remedies with respect to any claims other than being denied a reasonable accommodation in violation of the ADA.  Under similar circumstances, the Eighth Circuit had dismissed similar allegations.  In *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847 (8th Cir. 2012), the Eighth Circuit dismissed the plaintiff's retaliation claim that was not included in her EEOC charge.  "Richter alleged discrimination based on race and sex . .

9

. and in district court she alleged discrimination for making a charge (i.e. retaliation)." "These are two discrete acts of alleged discrimination . . . ." Each discrete act is a separate practice for which a separate charge is required." *Richter, supra, citing Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). "Richter failed to exhaust the retaliation claim, and the district court correctly dismissed the claim on that basis." 686 F. 3d at 851.

As in *Richter*, Womack's claims under Title VII and for retaliation under the ADA must be dismissed for failure to exhaust administrative remedies.

**F.    Womack's claim under the ADA that he was not provided a reasonable accommodation of light duty must be dismissed because CareLink did not have an obligation under the ADA to create a light duty position for Womack.**

In *Rhoades v. Atchison-Holt Elec. Coop.*, 1997 U.S. Dist. LEXIS 21958, *13 (W. D. Mo. 1997), the district court granted the employer's summary judgment and dismissed the plaintiff's ADA claim that he was not provided light duty as a reasonable accommodation. The court stated, "[a]n employer is not required, however, to create a new position to accommodate a disabled employee", *citing Benson v. Northwest Airlines, Inc.*, 62 F.3d 1108, 1112-13 (8th Cir. 1995). *See also Buskirk v Apollo Metals,* 307 F.3d 160, 169 (3rd Cir. 2002)*,* stating that the ADA "does not require an employer to create a new position to accommodate an employee with a disability" *citing Shiring v Runyon,* 90 F. 3d 827, 8931 (3rd Cir. 1996) (interpreting analogous section of Rehabilitation Act). In addition, in *Buskirk,* the Third Circuit stated that "an employer is [not] required to transform a temporary light duty position into a permanent position." *Id.* at 169, *citing Mengine v. Runyon*, 114 F.3d 415, 418 (3rd Cir. 1997) (interpreting analogous section of

Rehabilitation Act).  Based upon the decision in *Rhoades*, the Court should dismiss the reasonable accommodation claim because CareLink had no obligation to create a light duty work position for Womack.

Furthermore, Womack has not alleged that CareLink had a vacant light duty work position available for him to fill.  Based upon the authorities cited in this section, and in the absence of an allegation that CareLink had a light duty work position available for Womack, his claim under the ADA that he was not provided a light duty work position as a reasonable accommodation should be dismissed with prejudice.

> **G.    Womack's claim that his First Amendment rights under the U.S. Constitution have been violated must be dismissed with prejudice because no state action is involved.**

The Eighth Circuit and District Courts in Arkansas have ruled that employees or former employees do not have First Amendment claims where the employer is a private entity, and not a state actor.  *Alexander v. Pathfinder, Inc.*, 189 F.3d 735 (8th Cir. 1999). The plaintiff's first amendment, due process, and equal protection claims against Pathfinder fail "because these rights can be asserted only against state actors." "Pathfinder is a private corporation and the fact that it receives Medicaid funds does not convert it into a state actor."  189 F. 3d at 740, *citing Blum v. Yaretsky,* 457 U.S. 991, 1002-12 (1982); *see also Pighee v. L'Oreal USA [Prods.], Inc.*, 351 F. Supp. 2d 885, 2005 U.S. Dist. LEXIS 2816 (E.D. Ark. 2005) ("It is well settled that [First and Fourth Amendment] rights can be asserted only against state actors." *Id*. at 891-2).

Womack's Complaint is devoid of any allegation that the Defendants were acting under color of state law.[1] Accordingly, the Court should dismiss Womack's First Amendment claim with prejudice.

### H. Womack's claim that his Fourth Amendment rights under the U.S. Constitution have been violated must be dismissed with prejudice because no state action is involved.

This Court is not the first court confronted with alleged constitutional violations where the employer is a private, not a state, actor. In fact, the court in *Khademol-Reza v Howard Needles Tammen & Bergendoff*, 1988 U.S. Dist. LEXIS 15965 (W.D. Mo. 1988) was confronted with many of the same allegations that Womack is raising here, including allegations under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution. The court in *Khademol-Reza* dismissed all of the alleged constitutional claims.

With respect to the plaintiff's alleged Fourth Amendment claim, the court in *Khademol-Reza* stated, "[t]he court must confess that it is completely bewildered about how the _Fourth Amendment_, which protects citizens from unreasonable government searches and seizures, could have even the most remote application to this **_employment discrimination_** complaint. Nevertheless, this court is confident that there is no basis whatsoever for asserting a _Fourth Amendment_ claim here." *Khademol-Reza, supra at *7. See also Pighee v. L'Oreal USA [Prods.], Inc.*, 351 F. Supp. 2d 885, 2005 U.S. Dist. LEXIS 2816 (E.D. Ark. 2005) ("It is well settled that [First and Fourth Amendment] rights can be asserted only against state actors." *Id*. at 891-2).

---

[1] In fact, CareLink is an Arkansas nonprofit corporation, a private entity. The information is public record. *See*: http://www.sos.arkansas.gov/corps/search_corps.php?DETAIL=25707&corp_type_id=&corp_name=&agent_search=&agent_city=&agent_state=&filing_number=&cmd=

Accordingly, the Court should dismiss Womack's Fourth Amendment claim with prejudice.

**I.      Womack's claim that his Fifth Amendment rights under the U.S. Constitution have been violated must be dismissed with prejudice because no state action is involved.**

"Similarly, the plaintiff has no claim under the *Fifth* and *Fourteenth Amendments*. A fundamental principle of federal constitutional law is that private action, no matter how egregious, cannot violate the equal-protection or due-process guarantees of the United States Constitution." *Khademol-Reza, supra at \*6, citing Medical Institute of Minnesota v. Natts,* 817 F.2d 1310, 1313 (8th Cir. 1987). "It therefore is clear that claims of constitutional violations must fail if the actions are not attributable to federal or state government." *Khademol-Reza, supra at \*6, citing Medical Institute of Minnesota, supra at 1313-1314.*

Accordingly, Womack's claim under the Fifth Amendment must be dismissed with prejudice.

**J.      Womack's claim that his Thirteenth Amendment rights under the U.S. Constitution have been violated must be dismissed with prejudice because the Thirteenth Amendment to the U.S. Constitution, by itself, does not create a private cause of action.**

"[T]he ***Thirteenth Amendment*** does not provide a ***private cause of action*** for violation of its terms and a plaintiff must proceed under an implementing statute." *Goss v. Stream Global Servs.*, 2015 U.S. Dist. LEXIS 33958, \*8 (N.D. Iowa 2015)*, citing Del Elmer v. Metzger*, 967 F. Supp. 398, 402 (S.D. Cal. 1997) ("Plaintiff has pointed to no authority, and the court knows of none, allowing a plaintiff to proceed directly under the *Thirteenth Amendment* against ***private*** parties such as the defendants here"); *Baker v. McDonald's Corp.*, 686 F. Supp. 1474, 1480 n. 12 (S.D. Fla. 1987) ("The plaintiff may not maintain a

***cause of action*** directly under the ***Thirteenth Amendment*** for employment discrimination. Rather, the plaintiff must base his ***claims*** on one of the implementing statutes . . . .") (internal citations omitted)), *aff'd*, 865 F.2d 1272 (11th Cir. 1988); (other citations omitted).  "However, the *Thirteenth Amendment* is not self-enforcing, and Congress must effectuate its provisions with specific legislation, as authorized in *Section 2*." *Getachew v W. Side Transp., Inc.*, 2013 U.S. Dist. LEXIS 169569, * 13 (N.D. Iowa 2013).

Accordingly, Womack's claim under the Thirteenth Amendment to the U.S. Constitution must be dismissed with prejudice because the Thirteenth Amendment to the U.S. Constitution, by itself, does not create a private cause of action.

### K. Womack's claim that his Fourteenth Amendment rights under the U.S. Constitution have been violated must be dismissed with prejudice because no state action is involved.

"Similarly, the plaintiff has no claim under the *Fifth* and *Fourteenth Amendments*. A fundamental principle of federal constitutional law is that private action, no matter how egregious, cannot violate the equal-protection or due-process guarantees of the United States Constitution." *Khademol-Reza, supra at *6, citing Medical Institute of Minnesota v. Natts,* 817 F.2d 1310, 1313 (8th Cir. 1987). "It therefore is clear that claims of constitutional violations must fail if the actions are not attributable to federal or state government." *Khademol-Reza, supra at *6, citing Medical Institute of Minnesota, supra at 1313-1314.*

Accordingly, Womack's claim under the Fourteenth Amendment must be dismissed with prejudice.

### L. Womack's claim that his rights under 42 U.S.C. §1983 have been violated must be dismissed with prejudice because no state action is involved.

14

In order to state a claim for relief under 42 U.S.C. §1983, plaintiffs must establish that they were "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999); *accord Alexander v. Hedback*, 718 F.3d 762, 2013 U.S. App. LEXIS 13302, 2013 WL 3242189, at *2 (8th Cir. June 28, 2013)  ("To state a claim under 42 U.S.C. §1983, a plaintiff must show that he was deprived of a right secured by the Constitution and the laws of the United States and that the deprivation was committed by a person acting under color of state law."). Thus, "[t]he essential elements of a constitutional claim under §1983 are (1) that the defendant acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *L.L. Nelson Enters., Inc. v. County of St. Louis, Mo.*, 673 F.3d 799, 805 (8th Cir. 2012); *see also Van Zee v. Hanson*, 630 F.3d 1126, 1128 (8th Cir. 2011); *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) *(quoting Schmidt v. City of Bella Villa,* 557 F.3d 564, 571 (8th Cir. 2009))*; Dennen v. City of Duluth*, 350 F.3d 786, 790 (8th Cir. 2003); *Murray v. City of Onawa*, 323 F.3d 616, 618 (8th Cir. 2003); *DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir. 1999).

In the absence of an allegation that a defendant is acting under color of state law, "the plaintiff has no ***claim*** under *Section 1983*."  *Khademol-Reza v Howard Needles Tammen & Bergendoff*, 1988 U.S. Dist LEXIS 15965, *6 (W.D. Mo. 1988).  Accordingly, Womack's claim under 42 U.S.C. §1983 must be dismissed with prejudice because no state action is involved.

**M.    Womack's claim that his rights under the Rehabilitation Act have been violated must be dismissed with prejudice.**

15

a. **Womack's claim that his rights under the Rehabilitation Act have been violated must be dismissed with prejudice because Womack has not alleged that CareLink is a federal contractor as defined by the Rehabilitation Act.**

Womack has not alleged in his Complaint that CareLink is a recipient of financial assistance from the federal government.  As the court held in *Collins v. AT & T,* 20101 U.S. Dist. LEXIS 100541, *2 (E.D. Mo. 2010), "[p]laintiff cannot sustain a claim against defendants under the Rehabilitation Act as such actions can only be taken against a defendant who has received financial assistance from the federal government, an allegation plaintiff has not included in her complaint.  29 U.S.C. §794." *Id.* at *2-3.

Moreover, even if Womack alleged that CareLink was the recipient of Medicaid funds, his claims under the Rehabilitation Act would fail because the fact that a private corporation receives "Medicaid funds does not convert it into a state actor."  *Alexander, supra,* 189 F. 3d at 740, *citing Blum v. Yaretsky,* 457 U.S. 991, 1002-12 (1982).

Accordingly, Womack's claim under the Rehabilitation Act must be dismissed with prejudice because Womack has not alleged in his Complaint that CareLink is a recipient of financial assistance from the federal government.

**N.    Womack's claim under the Rehabilitation Act that he was not provided a reasonable accommodation of light duty work must be dismissed because CareLink did not have an obligation under the Rehabilitation Act to create a light duty work position for Womack.**

An employer does not have an obligation under the Rehabilitation Act to create a new position to accommodate an employee with a disability. *Shiring v Runyon,* 90 F. 3d 827, 8931 (3rd Cir. 1996).  In addition, an employer is not required to transform a temporary light duty work position into a permanent position. *Mengine v. Runyon,* 114 F.3d 415, 418 (3rd Cir. 1997).  Based upon the decisions in *Shiring* and *Mengine,* the

Court should dismiss the reasonable accommodation claim because even if CareLink was covered by the Rehabilitation Act, it had no obligation to create a light duty work position for Womack.

Furthermore, Womack has not alleged that CareLink had a vacant light duty work position available for him to fill. Based upon the authorities cited in this section, and in the absence of an allegation that CareLink had a light duty position available for Womack, his claim under the Rehabilitation Act that he was not provided a light duty position as a reasonable accommodation should be dismissed with prejudice.

> **O.** **Womack's claims under the Rehabilitation Act against the individual Defendants, Mattingly, Thomas, and Cato, must be dismissed with prejudice because there is no cause of against an individual supervisor under the Rehabilitation Act.**

"[P]laintiff's claims against her individual *supervisors* and *co-workers* under Title VII are subject to dismissal because individual *supervisors* cannot be *liable* under Title VII or the ***Rehabilitation Act***." *Collins v. AT & T*, 2010 U.S. Dist. LEXIS 100541, *2 (E.D. Mo. 2010), citing Roark v. City of Hazen, 189 F.3d 758, 761 (8th Cir. 1999) (citing Bonomolo-Hagen v. Clay Central-Everly Community School Dist., 121 F.3d 446, 447 (8th Cir. 1997); Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999).*

Accordingly, Womack's claims under the Rehabilitation Act against the individual Defendants, Mattingly, Thomas, and Cato, must be dismissed with prejudice because there is no cause of against an individual supervisor under the Rehabilitation Act.

> **P.** **Womack's claim for conspiracy under Arkansas law must be dismissed with prejudice as to all Defendants because Womack failed to state a claim for conspiracy.**

"To prove a civil conspiracy, a plaintiff must show that two or more persons have combined to accomplish a purpose that is unlawful or oppressive or to accomplish some

purpose, not in itself unlawful, oppressive or immoral, but by unlawful, oppressive or immoral means, to the injury of another." *Chambers v. Stern, 347 Ark. 395, 64 S.W.3d 737*, (2002); *Dodson v. Allstate Ins. Co., 345 Ark. 430, 47 S.W.3d 866*, (2001); *Mason v. Funderburk, 247 Ark. 521, 446 S.W.2d 543 (1969)*. A civil conspiracy is not actionable in and of itself, but a recovery may be had for damages caused by acts committed pursuant to the conspiracy. *Chambers v. Stern, supra*; *Dodson v. Allstate Ins. Co., supra*. A civil conspiracy is an intentional tort which requires a specific intent to accomplish the contemplated wrong. *Chambers v. Stern, supra*; *Dodson v. Allstate Ins. Co., supra.*

In *Dodson v. Allstate Ins., supra*, the Arkansas Supreme Court noted that a corporation cannot conspire with itself, since that defeats the requirement of a combination of two or more persons acting to accomplish some unlawful or oppressive purpose. "Thus, in order to sustain a claim for a civil conspiracy where agents of a corporation are involved, it is necessary to show that one or more of the agents acted outside of the scope of their employment, to render them a separate "person" for purposes of the conspiracy." *Dodson, 345 Ark. at 445, 47 S.W.3d at 876*. In *Dodson*, the Court said that corporate agents could "not be held liable for civil conspiracy in the absence of evidence showing that they were acting for their own personal benefit rather than for the benefit of the corporation." *Dodson, 345 Ark. at 445, 47 S.W.3d at 876* (citations omitted).

Womack fails to allege any fact in his Complaint to the effect that the individual Defendants were acting for their own personal benefit by taking discriminatory action towards Womack. As the Arkansas Supreme Court noted in *Faulkner v. Ark. Children's Hosp.*, 347 Ark. 941, 961-2 (2002), "[t]hat is not sufficient to withstand a Rule 12(b)(6) motion", *citing Grine v. Board of Trustees, 338 Ark. 791, 2 S.W. 3d 54 (1999).*

18

All of the actions alleged to be part of the conspiracy claimed by Womack involve actions taken by the Defendants with respect to Womack following his alleged on-the-job injury.  There are no allegations that the Defendants were acting for their own personal benefit.  Accordingly, the alleged actions of the Defendants all fell within the scope of their employment. Thus, there can be no civil conspiracy and the claim for civil conspiracy must be dismissed with prejudice.

### Q.      Womack's claim for outrage under Arkansas law must be dismissed with prejudice as to all Defendants.

To establish a claim of outrage, the plaintiff must demonstrate that: (1) the defendant intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of such conduct; (2) the conduct was "extreme and outrageous," was "beyond all possible bounds of decency," and was "utterly intolerable in a civilized community"; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it. *Crawford County v. Jones*, 365 Ark. 585, 232 S.W.3d 433 (2006); *Templeton v. United Parcel Serv. Inc.*, 364 Ark. 90, 216 S.W.3d 563 (2005); *Stockton v. Sentry Ins.*, 337 Ark. 507, 989 S.W.2d 914 (1999); *Brown v. Tucker*, 330 Ark. 435, 954 S.W.2d 262 (1997).

Review of outrage claims in employment situations is particularly strict because, "...an employer must be given a certain amount of latitude in dealing with employees." *Sterling v. Upjohn Healthcare Servs.*, Inc., 299 Ark. 278, 280, 772 S.W.2d 329 (1989). An employer's conduct allegedly designed to force a suspected "whistle blower" to resign was insufficient to support a jury verdict for outrage. *Sterling Drug, Inc. v. Oxford*, 294 Ark. 239, 743 S.W.2d 380 (1988), reh'g denied, 294 Ark. 239, 747 S.W.2d 579 (1988).

An employer's interpretation of an employment handbook or manual in regard to terminating an employee was insufficient to state a claim for outrage. *Coatney v. Enterprise Rent-A-Car Co.*, 897 F. Supp. 1205 (W.D. Ark. 1995). Allegations that an employer informed the employee's dentist mid-procedure that the employee's insurance would not cover the procedure, thereby causing the dentist to cease working until he received assurances that he would be paid, and who informed the employee's pregnant wife that the employee was a "lazy s.o.b." who was not good enough for her and would be terminated while she was pregnant were insufficient to state a claim for the tort of outrage. *Stockton v. Sentry Ins.*, 337 Ark. 507, 989 S.W.2d 914 (1999). The inaction of a national company and the area general manager to prevent or remedy sexual advances directed at an employee from the store manager was insufficient to state an action for outrage. *Bare v. NPC Int'l.*, No. 09-2092, 2009 U.S. Dist. LEXIS 116138, at *10-*11 (W.D. Ark. 2009). Allegations that an employee's co-workers used "crude and used profane language" around her, made "inappropriate sexual remarks about themselves and her," and one co-worker dropping his pants and exposing himself to her were inappropriate, but not "so extreme to support a claim of outrage." *Sharbine v. Boone Exploration, Inc.*, No. 09-CV-1025, 2010 U.S. Dist. LEXIS 21628, at *6 -*8 (W.D. Ark. 2010).

As a matter of law, and based upon the cases cited above, Womack failed to state a claim for outrage.  Womack has not alleged in his Complaint that: (1) the Defendants intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of such conduct; (2) the Defendants' conduct was "extreme and outrageous," was "beyond all possible bounds of decency," and was "utterly intolerable in a civilized community"; (3) the actions of the Defendants were the cause of

Womack's distress; or (4) the emotional distress sustained by Womack was so severe that no reasonable person could be expected to endure it.

Accordingly, Womack's claim for outrage as to all Defendants must be dismissed with prejudice.

### R. Womack's claim under the ACRA must be dismissed with prejudice because there is no claim for reasonable accommodation under the ACRA.

While the Arkansas courts have apparently not ruled on the issue, the honorable James M. Moody ruled in *Dunlap v. Green Bay Packaging, Inc.*, Case No. 4:01CV00398 (October 1, 2002), that the ACRA does not create a cause of action for reasonable accommodation. Based upon the Arkansas Supreme Court's decision in *Faulkner v. Ark. Children's Hosp.*, 347 Ark. 941, 961-2 (2002), Judge Moody ruled that the "ACRA contains no express provision for a cause of action based upon failure to accommodate" and dismissed the plaintiff's claim for failure to accommodate under the ACRA. A copy of Judge Moody's October 1, 2002 Order is attached to the Motion and marked as **Exhibit 8.**

Accordingly, Womack's claim for failure to accommodate under the ACRA must be dismissed with prejudice.

### S. Womack's claim under the ACRA as to the individual Defendants must be dismissed with prejudice because supervisors are not individually liable under the ACRA.

The federal district courts in Arkansas have unanimously ruled that "supervisors" are not individually liable under the ACRA. *See Evans v. AutoZone Stores, Inc.*, 2008 U.S. Dist. LEXIS 19561, *4 (W.D. Ark. 2008) ("[t]hese individual Defendants are not 'employers' under either Title VII or the ACRA"); *Richardson v City of Pine Bluff*, 2006 U.S. Dist. LEXIS 85021, *1 (E.D. Ark. 2006) ("Accordingly, this Court dismisses plaintiff's

Title VII and ACRA claims against separate defendant Moses [the plaintiff's superior] in his individual capacity."); and *Morrow v. City of Jacksonville, Ark.,* 941 F. Supp. 816 (E.D. Ark. 1996) (*citing Lenhardt v. Basic Institute of Technology, Inc.,* 55 F.3d 377, 381 (8th Cir. 1995) ("[w]ith regard to the companion ACRA claims brought against defendants Hibbs and Tate individually, they should be dismissed as well, though for different reasons:  1) her supervisors do not fit the definition of an 'employer' found at A.C.A. 16-102(5) relating to employment discrimination covered under 16-123-105 & 107").  The Defendants have searched and found no Arkansas case which has held that supervisors are individually liable under the ACRA.  Therefore, the decisions from the Arkansas District Courts, cited above, are determinative in this case.

## IV.    CONCLUSION

The Defendants, Central Arkansas Area Agency on Aging, Inc., d/b/a CareLink, Charles Thompson, Sonya Cato, and Luther R. Mattingly, respectfully request that the Complaint be dismissed with prejudice as to them under Fed. R. Civ. P. 12(b)(4) and (5) for insufficient process or insufficient service of process, and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and for all other relief to which they may be entitled.

Respectfully Submitted,

Allen C. Dobson
Arkansas Bar No. 85040
**BAXTER, JEWELL & DOBSON, P.A.**
One Information Way, Suite 210
Little Rock, Arkansas 72202
Phone:  501-664-9555/Fax:  501-664-9559
E-mail:  adobson@bjd-law.com

/s/ Allen C. Dobson
Attorneys for Defendants

and

Shelley Fleisch-Djurica
Arkansas Bar No. 2001267
**BAXTER, JEWELL & DOBSON, P.A.**
One Information Way, Suite 210
Little Rock, Arkansas 72202
Phone: 501-664-9555/Fax: 501-664-9559
E-mail: sdjurica@bjd-law.com


/s/Shelley Fleisch-Djurica
Attorneys for Defendants


## CERTIFICATE OF SERVICE

I certify that on March 30, 2017, I filed a copy of the foregoing through the Court's electronic filing system, and served a copy on the Plaintiff, Steven Lamont Womack, via first class mail, at the address listed below:

Steven Lamont Womack
8905 Victoria Drive
Little Rock, AR  72209

/s/ Allen C. Dobson
Allen C. Dobson