IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

STEVEN LAMONT WOMACK                                              PLAINTIFF

v.                        NO. 4:17-CV-130-BSM

CARELINK, CHARLES THOMPSON,
Vice President of Home Care & Human Resources,
SONYA CATO in Human Resources Manager for CARELINK,
LUTHER R. MATTINGLY, Registered agents of servants
for CARELINK                                                      DEFENDANTS

## DEFENDANTS' MOTION TO DISMISS AND FOR ATTORNEY'S FEES AND EXPENSES

The Defendants, Central Arkansas Area Agency on Aging, Inc., d/b/a CareLink, Charles Thompson, Sonya Cato, and Luther R. Mattingly, represented by their attorneys, Baxter, Jewell & Dobson, P.A., for their Motion to Dismiss under Fed. R. Civ. P. 12(b) state:

1.  On March 7, 2017, the Plaintiff Steven Lamont Womack ("Womack") filed a Complaint ("Original Complaint") and initiated this lawsuit (the "Lawsuit"). The Defendants are Central Arkansas Area Agency on Aging, Inc., d/b/a CareLink ("CareLink"), Charles Thompson ("Thompson"), Sonya Cato ("Cato"), and perhaps Luther R. Mattingly ("Mattingly")[1]. [ECF Doc. No. 1].

2.  As stated in the Complaint, Thompson and Cato are individuals and alleged agents, servants and/or employees of CareLink and decision-makers with respect to actions taken concerning Womack. *Complaint* ¶¶ 1, 8.

---

[1] Because the Original Complaint is ambiguous as to whether Mattingly is being sued individually, the Defendants previously filed a Motion For More Definite Statement under Rule 12(e), Fed. R. Civ. P.

1

3.      Womack alleges that he was injured on the job while he was employed by CareLink and has been denied a reasonable accommodation of light duty work, in violation of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Arkansas Civil Rights Act ("ACRA"). *Complaint* ¶¶ 8, 18, and 19.

4.      The Complaint also alleges claims under the First, Fourth, Fifth, Thirteenth, and Fourteenth Amendments to the U.S. Constitution, and 42 U.S.C. §§1981 and 1983. *Complaint* ¶¶ 4, 8, 9, 18, and 22. Womack also alleges claims for conspiracy and outrage under Arkansas law. *Complaint* ¶¶ 8 and 20.

5.      On March 30, 2017, the Defendants filed a Motion for More Definite Statement [ECF No. 7], a Motion to Strike [ECF No. 9], and a Motion to Dismiss the Complaint under Fed. R. Civ. P. 12(b) (4), (5), and (6) [ECF No. 11].

6.      On April 4, 2017, Womack filed a Motion to Dismiss Defendants' Motion to Strike with Brief Incorporated ("Plaintiffs' April 4, 2017 Motion to Dismiss") [ECF No. 13].

7.      On April 5, 2017, Womack filed a Motion to Dismiss Defendants' Motion to Dismiss with Brief Incorporated ("Plaintiff's April 5, 2017 Motion to Dismiss") [ECF No. 14].

8.      On April 10, 2017, the Defendants filed a Reply to Plaintiff's April 4, 2017 Motion to Dismiss [ECF No. 15] and a Reply to Plaintiff's April 5, 2017 Motion to Dismiss [ECF No. 16].

9.      On May 2, 2017, without seeking leave from this Court, Womack filed an Amendment(sic) Complaint Retaliation with Brief Incorporated ("First Amended Complaint") [ECF No. 20]. Presumably, Womack intended the Amended Complaint to amend the Original Complaint.

10. On May 15, 2017, the Defendants filed a Motion to Strike Amendment(sic) Complaint Retaliation and Brief in Support [ECF Nos. 22 and 23].

11. On May 17, 2017, the Defendants filed a Motion to Schedule Pretrial Conference [ECF No. 24].

12. On May 22, Womack filed a Response to Defendants' Motion to Strike Amendment(sic) Complaint Retaliation with Brief Incorporated [ECF No. 26].

13. On May 30, 2017, Womack filed a Joint Federal Rule of Civil Procedure 26(f) Report [ECF No. 27] on behalf of himself and the Defendants, without having engaged in a Rule 26(f) Conference with Defendants' counsel and without asking permission from Defendants' counsel.

14. On June 2, 2017 the Defendants filed a separate Federal Rule of Civil Procedure 26(f) Report [ECF No. 28].

15. On June 2, 2017, the Defendants filed a Motion for Protective Order and Brief in Support [ECF Nos. 29 and 30] requesting that the Defendants not be obligated to respond to discovery served by Womack on the Defendants, because the parties had not conferred as required by Rule 26(f) when the discovery was served on May 4, 2017.

16. On June 7, 2017, Womack filed a Motion to Schedule a Pretrial Conference with Brief Incorporated [ECF No. 31].

17. On June 8, 2017, the Court entered a Final Scheduling Order [ECF No. 32].

18. On June 9, 2017, the Court entered an Order ("June 9 Order") declaring that Womack failed to properly serve the Original Complaint on the Defendants pursuant to Fed. R. Civ. P. 4(c)(1), 4(e), and 4(h)(1) [ECF No. 33]. Further, the Court granted Womack sixty (60) days from the date of the Order, or until August 8, 2017, to properly

serve the Defendants and file an affidavit of service. Finally, the Court ordered that the previously entered scheduling orders were vacated, the motions for pretrial conferences and the Motion for Protective Order were denied as moot, and all other pending motions were to be held in abeyance to allow for proper service of the Original Complaint.

19.     On June 19, 2017, Womack filed a Motion to Set Aside Court Order Dated June 9, 2017 Pursuant to Rule 60(b) Rules of Civil Procedure Relief from Judgment or Order with Brief Incorporated [ECF No. 34].

20.     On June 26, 2017, the Court entered an Order [ECF No. 35] denying Womack's Motion to Set Aside Court Order Dated June 9, 2017 Pursuant to Rule 60(b) Rules of Civil Procedure Relief from Judgment or Order with Brief Incorporated [ECF No. 34].

21.     On July 20, 2017, without seeking leave from this Court, Womack filed a Second Amended Complaint Retaliation and American with Disabilities(sic) Act of 1964 (ADA) American with Disabilities Act of 1990, as Amended and Injunctive Relief with Brief Incorporated ("Second Amended Complaint") [ECF No. 36]. Because of Womack's failure to seek the Defendants' written consent or leave of the Court to amend his complaints pursuant to Fed. R. Civ. P. 15(a)(2), which ordinarily would include his proposed amendments, the Defendants are unsure as to which complaint the Second Amended Complaint amends.

22.     On July 25, 2017, a deputy sheriff left a Summons for Charles Thompson and a Summons for Sonya Cato, and a copy of the Second Amended Complaint for each, with Tina Wright, Receptionist at the front desk of the CareLink office in North Little Rock, Arkansas. *See* **Exhibit 1**, Affidavit of Tina Wright. The process server did not leave a

Summons for Mattingly, the designated agent for service of process for CareLink. *See* **Exhibit 1**. Subsequently, on July 27, 2017, the process server filed a Proof of Service for Charles Thompson and Sonya Cato. [ECF Nos. 37 and 38]. *See* **Exhibits 2 and 3**, respectively.

23. The Proof of Service for Sonya Cato says, "This summons for Charles Thompson was received by me on 7-24-17." The Proof of Service for Sonya Cato says, "I served the summons on Charles Thompson – Tina Ray (Recept), who is designated by law to accept service of process on behalf of CareLlink on 07/25/17". *See* **Exhibit 3.**

24. The Proof of Service for Charles Thompson says, "I served the summons on Charles Thompson – Tina Ray (Recept)". *See* **Exhibit 2**.

25. Luther R. Mattingly, registered agent for CareLink, was not personally served on July 25, 2017. *See* **Exhibit 4**, August 9, 2017, Affidavit of Luther R. Mattingly.

26. Charles Thompson was not personally served on July 25, 2017. *See* **Exhibit 5**, August 9, 2017, Affidavit of Charles Thompson.

27. Sonya Cato was not personally served on July 25, 2017. *See* **Exhibit 6**, August 9, 2017, Affidavit of Sonya Cato.

28. On August 2, 2017, the Defendants filed their Motion to Strike Second Amended Complaint Retaliation and American with Disabilities Act of 1964 (ADA) American with Disabilities Act Of 1990, as Amended and Injunctive Relief with Brief Incorporated and Brief in Support. [ECF Nos. 39 and 40]. The Court has not ruled on the Motion to Strike Second Amended Complaint.

29. On August 9, 2017, the Defendants filed their Motion to Dismiss the Plaintiff's Second Amended Complaint and Brief in Support of the Motion to Dismiss [ECF

5

Nos. 41 and 42] for insufficient process or insufficient service of process and because Womack did not serve the Defendants within 90 days under Fed. R. Civ. P. 4(c)(1) and (m), or by August 8, 2017, as required by the Court's June 9, 2017 Order.

30. On August 17, 2017, the Plaintiff filed a Motion for Writ of Mandamus and Motion for Writ of Prohibition to Dismiss the Defendant's Motion to Dimiss(sic) with Brief Incorporated ("Motion for Writ of Mandamus").

31. On August 21, 2017, by text entry, the Court denied the Plaintiff's Motion for Writ of Mandamus.

32. On September 13, 2017, a deputy sheriff left a Summons for Luther R. Mattingly and a copy of the Second Amended Complaint, with Carley Wear, Receptionist at the front desk of the CareLink office in North Little Rock, Arkansas. *See* **Exhibit 7**, Affidavit of Carley Wear. Subsequently, on September 13, 2017, the process server filed a Proof of Service for Luther R. Mattingly. [ECF No. 45]. *See* **Exhibit 8**.

33. The Complaint as to Separate Defendant CareLink should be dismissed because CareLink's authorized agent for service of process, Luther R. Mattingly, was not served personally as required by Fed. R. Civ. P. 4(h)(1) and the deadline to serve CareLink, i.e., 90 days under Fed. R. Civ. P. 4(c)(1) and (m), or June 5, 2017, and August 8, 2017 according to the Court's June 9 Order, has expired. *See* **Exhibit 9**, September 25, 2017, Affidavit of Luther R. Mattingly and **Exhibit 7**, Affidavit of Carley Wear.

34. The Complaint as to individual Defendant Mattingly should be dismissed because Mattingly has not been served at all and the deadline to serve Mattingly, i.e., 90 days under Fed. R. Civ. P. 4(c)(1) and (m), or June 5, 2017, and August 8, 2017 according to the Court's June 9 Order, has expired. *See* **Exhibit 9**.

35. The Complaint as to Separate Defendants Thompson and Cato should be dismissed under Fed. R. Civ. P. 12(b) (4) and (5) because Thompson and Cato have not been served personally as required by Fed. R. Civ. P. 4(e)(2)(a). See Motion to Dismiss [ECF No. 41]. On September 6, 2017, the deputy sheriff left copies of a Second Amended Complaint, and a Summons for Mattingly with Carley Wear, CareLink Receptionist. Carley Wear is not authorized to accept service of process for either CareLink or Mattingly. See **Exhibits 4, 5, 6, and 9**.

36. Further, the Proof of Service for Luther R. Mattingly says it was served on "Carey Wear, who is designated by law to accept service of process on behalf of Luther R. Mattingly for Carlink... " See **Exhibit 8**. The Summons for Luther R. Mattingly was not served on Mattingly, or Mattingly for CareLink, but on Carley Wear, a front-desk receptionist for CareLink. Nothing in Rule 4 sanctions vicarious service on an individual.

37. Additionally, according to Carley Wear, the process server did not leave copies of the Original Complaint with the Summonses, but left copies of the Second Amended Complaint. The Court has never granted leave for Womack to file an Amended Complaint or Second Amended Complaint. Specifically, the Court's June 9 Order refers only to a "complaint" and does not authorize Womack to attempt to serve an Amended Complaint or a Second Amended Complaint.

38. All Defendants now move to dismiss the Complaint because Womack has not complied with the Court's June 9 Order and properly served the Defendants by August 8, 2017. [ECF No. 33].

39. The Court should award excess costs, expenses, and attorneys' fees from Womack because he has multiplied the proceedings unreasonably and vexatiously.

Pursuant to the June 9 Order, Womack had until August 9, 2017 to properly serve the Original Complaint on the Defendants and file an affidavit of service. Since the entry of the June 9 Order, Womack has: 1) filed a motion to set aside the June 9 Order; 2) filed a Second Amended Complaint (without seeking leave from the Court); 3) attempted service (albeit unsuccessfully and insufficiently) of the Second Amended Complaint on Charles Thompson and Sonya Cato on July 25, 2017; 4) filed a motion for writ of mandamus; and 5) attempted service (unsuccessfully and insufficiently) of the Second Amended Complaint on Luther Mattingly on September 6, 2017.

40.   Womack has failed to comply with the Court's June 9 Order, and his failure to comply has forced CareLink to needlessly respond to his improper and ill-suited pleadings. Womack's intentional disregard for the Court's June 9, 2017 Order constitutes bad faith. Pursuant to 28 U.S.C. § 1927, Womack should be required to personally pay the excess costs, expenses, and attorneys' fees CareLink has incurred as a result of Womack's unreasonable conduct.

41.   Under Rule 10(c), Fed. R. Civ. P., the Defendants incorporate by reference the Motion for More Definite Statement [ECF No. 7], the Motion to Strike [ECF No. 9], and the Motion to Dismiss the Complaint under Fed. R. Civ. P. 12(b) (4), (5), and (6) [ECF No. 11] and the Briefs in Support [ECF Nos. 8, 10, and 12] filed on March 30, 2017. Likewise, the Defendants incorporate by reference the Reply to Plaintiff's April 4, 2017 Motion to Dismiss [ECF No. 15]; a Reply to Plaintiff's April 5, 2017 Motion to Dismiss [ECF No. 16], both filed on April 10, 2017 and the Motion to Dismiss [ECF No. 41] and Brief in Support [ECF No. 42].