# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

STEVEN LAMONT WOMACK                                      PLAINTIFF

v.                  CASE NO. 4:17-CV-00130 BSM

CARELINK, et al.                                                  DEFENDANTS

## ORDER

*Pro se* plaintiff Steven Womack's second amended complaint [Doc. No. 36], construed as a motion for leave to amend his complaint, is granted. Accordingly, his complaint filed as of July 20, 2017, constitutes the operable complaint. Defendants' motion to dismiss [Doc. No. 46] is granted for failure to state a claim upon which relief can be granted. *See* Doc. No. 46 (incorporating Mot. to Dismiss, Doc. No. 16, at 8). Defendants' motion for attorney's fees and expenses [Doc. No. 46] is denied.

In ruling on a motion to dismiss, the complaint's factual allegations and reasonable inferences must be accepted as true, but only to the extent they do not amount to conclusory statements and legal characterizations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As an initial matter, Womack's second amended complaint, like his complaint [Doc. No. 1] and his first amended complaint [Doc. No. 20], is extremely difficult to understand, contains a plethora of disjointed legal jargon, and is largely devoid of factual content. "Courts must not presume the truth of legal conclusions couched as factual allegations," *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). Even construing Womack's complaint liberally, none of his pleadings are plead specifically or coherently enough to state plausible

claims to relief or to give fair notice of the grounds upon which the claims rest. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

Womack alleges, among other things, he was injured on the job, restricted to light duty work by his doctor, and not given a reasonable accommodation to continue working as required by the Americans with Disabilities Act ("ADA"). *See* Compl. ¶ 17, Doc. No. 36. He claims his employer told him he did not have light duty work available and that he has been on unpaid leave ever since. *Id.* Womack has not pleaded factual content allowing a reasonable inference the defendants are liable for the alleged violations of the ADA. *See Iqbal*, 556 U.S. at 678. He fails similarly regarding his other nominally stated claims under Title VII, the Age Discrimination in Employment Act, the Fair Labor Standards Act, the Family and Medical Leave Act, the Employee Retirement Income Security Act, the Arkansas Civil Rights Act, and for retaliation, due process violations, civil conspiracy, worker's compensation benefits, and all other claims asserted.

Furthermore, defendants in their individual capacities are not liable under Title VII, the ADA, the ADEA, or the ACRA. *Bonomolo Hagen v. Clay Cent. Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997) ("Our Court quite recently has squarely held that supervisors may not be held individually liable under Title VII."); *Stebbins v. Hannah*, No. 4:15CV00436 JLH JJV, 2015 WL 5996295, at *3 (E.D. Ark. Sept. 1, 2015) (explaining that Title I and II of the ADA do not permit an action against individual defendants); *Morrow v. City of Jacksonville, Ark.*, 941 F. Supp. 816, 820 (E.D. Ark. 1996) (Title VII, ADA, and ADEA claims against defendants in their individual capacities dismissed according to the prevailing view); *Evans v. Autozone Stores, Inc.*, No. 05-CV-1086, 2008 WL 697752, at *5

(W.D. Ark. Mar. 13, 2008) ("These individual Defendants are not "employers" under either Title VII or the ACRA.").

Finally, as a secondary matter, Womack was given 60 days to effect proper service on June 6, 2017. *See* Order, Doc. No. 33, at 1. He has failed to do so. Defendants Charles Thompson and Sonya Cato have not been properly served pursuant to Federal Rule of Civil Procedure 4(e), and defendant Carelink has not been properly served pursuant to Rule 4(h). *See* Thompson Aff., Doc. No. 41-5; Cato Aff., Doc. No. 41-6; Mattingly Aff., Doc. No. 41-4.

For these reasons, Womack's second amended complaint [Doc. No. 36] is dismissed without prejudice, and all pending motions are denied as moot.

IT IS SO ORDERED this 21st day of November 2017.

_____
UNITED STATES DISTRICT JUDGE